UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN C. DUBRIN,<br><br>        Petitioner,<br><br>        v.<br><br>DAVE DAVEY,<br><br>        Respondent. | Case No. CV 10-1032 CJC(JC)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody filed in the instant action ("2010 Petition"), the Petition for Writ of Habeas Corpus by a Person in State Custody filed in Case No. EDCV 12-1578 which has been consolidated with the instant action ("2012 Petition") and all of the records in the instant action and in the consolidated action, including the August 8, 2017 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), respondent's objections to Report and Recommendation ("Objections"), and petitioner's response to the Objections ("Response").

Respondent objects to the Report and Recommendation on two grounds: (1) petitioner assertedly did not fairly present his breach of contract claim to the California Supreme Court to exhaust it; and (2) if the claim is exhausted, the prosecutor never made petitioner a promise "as part of the plea bargain" that his

conviction would never be used as a strike in the future. See Objections at 1, 3-5. The Court has made a *de novo* determination of the portions of the Report and Recommendation to which objection is made. For the reasons detailed below, the Court approves and accepts the Report and Recommendation. To the extent inconsistent with this Order, the Court overrules the Objections to the Report and Recommendation.

### A. Petitioner Fairly Presented a Breach of Contract Claim for Exhaustion

The Magistrate Judge found that petitioner exhausted a breach of contract claim in his Third State Petition[1] by, *inter alia*, quoting United States v. Goings, 200 F.3d 539, 544 (8th Cir. 2000) ("Where it is clear that the government violated terms of a plea bargain, the defendant is typically given the option of withdrawing his guilty plea or demanding specific performance."). See Report and Recommendation at 27-29; see also Lodged Doc. B2 (Third State Petition). As further explained below, the citation to Goings in conjunction with petitioner's factual allegations and request for relief presented to the California Supreme Court sufficiently exhausted petitioner's *pro se* breach of contract claim.

Under 28 U.S.C. section 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State. See generally Andrews v. Davis, 866 F.3d 994, 1038-39 (9th Cir. 2017) (discussing exhaustion requirements). Exhaustion requires that the petitioner's contentions be fairly presented to the state's highest court. See Rose v. Lundy, 455 U.S. 509, 515-16 (1982). A claim has not been fairly presented unless the petitioner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-

---

[1]The Court use the terms for petitioner's complicated procedural history and for the lodged documents as defined in the Report and Recommendation.

66 (1995); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Davis v. Silva, 511 F.3d 1005, 1009-10 (9th Cir. 2008). "[C]itation to either a federal or state case involving the legal standard for a federal constitutional violation is sufficient to establish exhaustion." See Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir.) (citations omitted), cert. denied, 546 U.S. 818 (2005); see also Fields v. Waddington, 401 F.3d 1018, 1021 (9th Cir.) (petitioner "must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis"), cert. denied, 546 U.S. 1037 (2005); Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc) ("[F]or purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue."); compare Howell v. Mississippi, 543 U.S. 440, 443-44 (2005) (per curiam) (finding claim unexhausted where petitioner's state court petition did not cite the Constitution or any cases directly construing the Constitution; "petitioner's daisy chain – which depends upon a case that was cited by one of the cases that was cited by one of the cases that petitioner cited – is too lengthy to meet this Court's standards for proper presentation of a federal claim"); Baldwin v. Reese, 541 U.S. 27, 33 (2004) ("The petition provides no citation of any case that might have alerted the court to the alleged federal nature of the claim.").

"[F]or the purposes of exhaustion, pro se petitions are held to a more lenient standard than counseled petitions." Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003) (citing Peterson v. Lampert, 319 F.3d at 1159), cert. denied, 541 U.S. 956 (2004); see also Slack v. McDaniel, 529 U.S. 473, 487 (2000) ("[T]he complete exhaustion rule is not to 'trap the unwary *pro se* prisoner.'") (quoting Rose v. Lundy, 455 U.S. at 520).

Here, petitioner's recitation of the operative facts fairly put the California Supreme Court on notice of what transpired at the taking of petitioner's plea in the 2000 Case, and of petitioner's specific allegations that: (1) the prosecutor and trial

1 court had "stipulated" that his offense was not a "strikable offense" under
2 California's Three Strikes Law, or made a "strikable offense" by virtue of
3 Proposition 21; (2) petitioner agreed to plead *nolo contendere* under the belief that
4 he would be pleading to a "non-strikable offense"; (3) petitioner had made it
5 known that he would not accept any plea offer if his offense would be considered a
6 "strikable offense"; and (4) the offense later was charged as a prior "strike" offense
7 in another case. See Report and Recommendation at 28-29 (summarizing
8 petitioner's allegations in the Third State Petition); Lodged Doc. B2 at 3 &
9 Attachment to Lodged Doc. B2 at 1-2. Petitioner included as an exhibit to the
10 Third State Petition a complete copy of the plea transcript from the 2000 State
11 Case in which the alleged "stipulation" was made on the record. See "No Contest
12 Plea and State Prison" transcript filed with Lodged Doc. B2 at 7-8 (prosecutor
13 stating, "we're going under the assumption in this plea that this 422 itself is not a
14 strike," and trial court stating, "it appears not to be a strike for purposes of any
15 future – of any time in the future in the system, criminal justice").²

16 Respondent argues that the Third State Petition did not sufficiently raise a
17 breach of contract claim – as distinct from a misadvisement claim – to present the
18 federal legal theory to the California Supreme Court. (Objections at 4-5).
19 Respondent suggests that the citation to Goings which was "buried at the end" of
20 petitioner's points and authorities "cannot serve to convert his claim of mis-

---

²The exhibits to the Third State Petition also included a letter to the California Court of Appeal dated May 18, 2005, wherein petitioner alleged: (1) he was "promised and ensured by the court, the prosecutor and petitioner[']s attorney, that his [Cal. Penal Code §] 422 'was not a strikable offense,' and could never be used against him as a strike in any future possible convictions"; (2) the conviction was "now being used against petitioner in a. . . third strike case"; and (3) *his "due process was, and still is being violated because of this [use]*." See Letter filed with Lodged Doc. B2 at 2 (emphasis added). Petitioner explained that due process requires that for a guilty plea to be valid, the plea must be "knowingly, intelligently and voluntarily entered." Id. Petitioner again cited Goings for the proposition that a defendant typically is given the option of withdrawing a guilty plea or demanding specific performance when the government violates the terms of a plea bargain. Id.

4

advisement to one of breach of contract." (Objections at 5). The Court disagrees. The California Supreme Court had sufficient notice for this Court to find that petitioner fairly presented a breach of contract claim.

Where a defendant pleads guilty "after receiving inadequate or erroneous advice from the trial court" with respect to the possible consequences of the plea agreement, the issue is one of "misadvisement," *i.e.*, whether the defendant knowingly, intelligently and voluntarily pled guilty at the time of the plea – not the breach of a plea agreement. See Buckley v. Terhune, 441 F.3d 688, 696 n.6 (9th Cir. 2006) (en banc) (citations omitted) (distinguishing cases addressing "misadvisement" of the possible consequences of a plea agreement from cases alleging breach of plea agreement, which require construction of the plea agreement under contract law standards), cert. denied, 550 U.S. 913 (2007). Although petitioner alleged that he had been misadvised about the consequences of his plea at the time he entered the plea because Proposition 21 in fact had made his offense a "strikable offense" (see Lodged Doc. B2 at 4) and that violated petitioner's due process right to being reasonably informed of the charges and consequences of the plea (see Attachment to Lodged Doc. B2 at 2), petitioner *also* alleged that he had already served his sentence for the 2000 Conviction, and the 2000 Conviction had been charged as a prior strike offense in another case which assertedly violated the "stipulated" terms of the plea agreement. See Attachment to Lodged Doc. B2 at 1-3) (quoting Goings as authority for petitioner's request to withdraw his plea in the 2000 State Case).³ In the letter filed with the Third

---

³In Goings, the defendant contended that the government had breached its part of a plea agreement and asked that his case be remanded to the trial court for specific performance of the plea agreement. See United States v. Goings, 200 F.3d at 543-44. The Goings court observed: "[w]here it is clear that the government violated the terms of a plea bargain, the defendant is typically given the option of withdrawing his guilty plea or demanding specific performance." See Goings, 200 F.3d at 544 (citing, *inter alia*, Santobello v. New York, 404 U.S. 257, 262-63
(continued...)

5

Amended Petition, petitioner alleged that the subsequent charging of the 2000 Conviction as a prior strike conviction violated his due process rights. See supra note 2.

For purposes of exhausting state remedies "it is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to the state court." Gray v. Netherland, 518 U.S. 152, 163 (1996). In this case, the Court finds that petitioner has alleged a sufficiently specific due process violation by the subsequent charging of the 2000 Conviction as a prior strike conviction, contrary to what the prosecutor allegedly promised and the trial court confirmed during the plea proceedings in the 2000 State Case, to exhaust petitioner's breach of plea agreement claim. Although Goings involved an alleged breach of plea agreement and discussed the appropriate remedy for the government's breach (200 F.3d at 543-44), quoting Goings in context was sufficient to "alert [the California Supreme Court] to the federal nature of [his] claim" given its direct reliance on Santobello's holding that a criminal defendant has a due process right to enforce the terms of his plea agreement. Baldwin v. Reese, 541 U.S. at 29; compare Kyzar v. Ryan, 780 F.3d 940, 947-48 (9th Cir. 2015) (finding petitioner fairly presented a sufficiency of the evidence claim to state courts by citing a state case that had cited Jackson v. Virginia, 443 U.S. 307, 324 (1979); read in conjunction with the petitioner's attempt to articulate the legal elements for his crime of conviction, the petition fairly apprized the state courts

---

[3](...continued)
(1971) ("This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."), and Margalli-Olvera v. INS, 43 F.3d 345, 351, 354-55 (8th Cir. 1994) ("Allowing the government to breach a promise that induced a guilty plea violates due process," the remedy for which is remand for specific performance or withdrawal of the guilty plea) (citations omitted)).

6

1 that he was raising a federal constitutional sufficiency of the evidence claim), cert.
2 denied, 136 S. Ct. 108 (2015).[4]

Finally, respondent suggests that petitioner could not have exhausted a breach of contract claim in the Third State Petition, which was filed in November 2005, because his conviction was not used as a prior strike conviction until 2008. See Objections at 5. The Court disagrees. As petitioner alleged, the 2000 Conviction had been charged as a prior strike conviction in or around December 2004 in San Bernardino County Superior Court Case No. FCH06087, which prompted petitioner to file the First through Third State Petitions challenging the use of the 2000 Conviction as a prior strike conviction. See Report and Recommendation at 8-10 & n.6 (detailing procedural history); see also Dubrin v. People of the State of California, 720 F.3d 1095, 1096 (9th Cir. 2013) ("In 2004 and 2005, after learning that his 2000 conviction would count as a strike, Dubrin filed pro se habeas petitions in the state trial court, the California Court of Appeal, and the California Supreme Court."). Although petitioner filed his Third State Petition with the California Supreme Court when the charge of the 2000 Conviction as a strike prior was no longer pending, petitioner certainly was on notice as he filed and exhausted his claims in the Third State Petition that the 2000 Conviction had been and could be charged as a strike prior.

///
///
///
///
///

**B. The Plea Agreement Included Assurances That the 2000**

---

[4]This case is distinguishable from Howell v. Mississippi because petitioner's quotation of Goings did not present a lengthy "daisy chain" of citations to follow to reach a federal claim. See Howell, 543 U.S. at 443-44.

7

**Conviction Was Not a Strike and Would Not Be Used As a Strike**

Respondent also asserts that the plea agreement in the 2000 State Case did not include any assurance regarding the future use of the 2000 Conviction "either before or even after" petitioner's plea and sentencing. See Objections at 6-10. Although respondent acknowledges that the prosecutor stated for the record at the close of the proceedings that the parties were "going under the assumption in this plea that this [Cal. Penal Code §] 422 itself is not a strike" (Objections at 6-7), respondent relies on the timing of the prosecution's statement, which was made after the plea form was signed and petitioner's formal plea was taken, to argue the prosecution's statement was not a promise. (Objections at 6-8).

The Ninth Circuit put the prosecutor's comments in context as follows:

> At Dubrin's change-of-plea hearing, the prosecutor stated that he had "checked with [his] appellate department" and confirmed that Dubrin's criminal threats conviction would *not* count as a strike. Summing up the parties' mutual understanding, the prosecutor stated, "so we're going under the assumption in this plea that this 422 itself is not a strike." The judge who accepted Dubrin's plea agreed: "That would have been my reading of the initiative, that it's not [applicable]." Even if it were applicable, the judge noted, there would likely be "issues of retroactivity" anyway.

Dubrin, 720 F.3d at 1096 (emphasis original). The prosecution's statement at the close of the plea hearing reflected the premise on which the parties were proceeding.

While the Court is mindful of respondent's argument, the fact is that the terms were adequately stated on the record and ratified by the trial court, which noted contemporaneously with the acceptance of the plea that it was the court's understanding that the conviction was not made a strike by Proposition 21 could not be used as a strike in the future by virtue of Proposition 21. See Lodged Doc.

8

B2 (transcript of plea proceedings at 7-8). Respondent concedes that in California it is well-settled that no proposed plea bargain is complete until it has been approved by the trial court. See Objections at 8, 10 (citing People v. Orin, 13 Cal. 3d 937, 942-43 (1975) (judicial approval essential condition precedent to effectiveness of bargain worked out by defense and prosecution.)).

The Court observes that there is additional evidence beyond the prosecutor's statement on the record suggesting that the parties intended to proceed as if Proposition 21 had not made the 2000 Conviction a strike. The written plea form completed before petitioner's plea hearing notes "3 yrs. 8 mos. state prison at 80%." See Lodged Doc. B2 (including copy of plea form). As the Magistrate Judge noted, the discussion of petitioner's credit eligibility at 20 percent during the plea colloquy suggests an intent that the 2000 Conviction would not be for a strike offense. See Report and Recommendation at 37-39. The reference in the plea form lends support to the interpretation that the parties intended the 2000 Conviction would not be for a strike offense.

**C. ORDER**

IT IS ORDERED that (1) the 2010 Petition is granted to the extent it requests specific performance of the plea agreement term in Los Angeles County Superior Court Case No. KA-046040 – that such 2000 Conviction would not qualify, or be used as a strike by virtue of Proposition 21 – and this matter is remanded to the San Bernardino County Superior Court ("SBSC") to resentence petitioner accordingly in SBSC Case No. FCH07697 within ninety (90) days of the entry of the Judgment herein or final decision on any appeal therefrom, plus any additional delay authorized under State law; and (2) the 2012 Petition is denied and dismissed with prejudice.

///

///

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Report and Recommendation, and the Judgment herein on counsel for petitioner and respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 29, 2017

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE